IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GENERAL FLOWERS, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:06-CV-515-DRB |
| | * | |
| WIND POINT PARTNERS d/b/a | * | |
| TWITCHELL CORPORATION, and | * | |
| NORMAN BARBER | * | |
| | * | |
| Defendant. | * | JURY DEMAND |

## FIRST AMENDED COMPLAINT

### I. INTRODUCTION

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. § 2000(e) et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a (hereinafter "Title VII") and 42 U.S.C. §1981, which provide for relief against discrimination in employment on the basis of race. The Plaintiff seeks compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4); 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 2000e-5(f)(3). Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices alleged hereinbelow were committed by the Defendants within Houston County, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(g).

4. The Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C § 1981a.

### III. PARTIES

5. Plaintiff, General Flowers, is a male citizen of the United States, and a resident of the State of Alabama. Mr. Flowers was an employee of the Defendant, Wind Point Partners d/b/a Twitchell, Inc.

6. Defendant, Wind Point Partners d/b/a Twitchell Corporation (hereinafter "Twitchell") is an employer within the meaning of 42 U.S.C. § 2000e(a) and (b). At all times relevant to this action, Twitchell has employed at least fifteen (15) or more employees.

7. Defendant Norman Barber, (hereinafter "Barber") at all times material to this action, was employed by Twitchell, as the Human Resources Director.

### IV. ADMINISTRATIVE EXHAUSTION

8. The Plaintiff has satisfied all conditions precedent required pursuant to Title VII.

9. On or about February 8, 2005, Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunities Commission, the "EEOC", (Charge #130-2005-01821), in which he complained that the Defendants subjected him to racial discrimination, harassment, and retaliation in relation to the terms, conditions and benefits of his employment.

10. Plaintiff subsequently received an authorization to file a private action and is filing this complaint within ninety (90) days of receiving this authorization.

### V. STATEMENT OF FACTS AND CLAIMS

11.	Plaintiff re-alleges and incorporates by reference paragraphs 1-10 above with the same force and effect as if fully set out in specific detail hereinbelow.

12.	On or about August 1992, Plaintiff started working for Twitchell, and was eventually promoted to Lead Person in the Olefin Department. At the time of the racial discrimination and harassment, Plaintiff was employed by the Defendant as an Operator in the Beaming Department.

13.	On or about January 2004, Plaintiff was temporarily moved from his department (Olefin) to the Beaming Department. Phillip Hayes, a white male, was the Lead Person over the Beaming Department. Shortly after Plaintiff's transfer to Hayes's department, Hayes complained to Norman Barber, Human Resources Director, that Plaintiff was earning more money than he was. Plaintiff's pay was ultimately reduced by approximately $3.46 per hour.

14.	While in the Beaming Department, Plaintiff witnessed Hayes subjecting the female employees in the department to sexual harassment and discrimination. Hayes's inappropriate behavior included but was not limited to, making unwelcome sexual overtures, making rude/vulgar hand gestures and making lewd sexual comments such as he wanted to fuck them from behind; he wanted to screw the hell out of them; or he was going to make them his bitch. Despite the female employees complaints to Twitchell's management, Hayes continued to engage in this discriminatory conduct.

15.	Plaintiff also witnessed Hayes subjecting the female employees to unwanted sexual touching in that he would rub their arms, shoulders and backs.

16.	Several female co-workers approached Plaintiff and complained about the treatment they were being subjected to by Hayes. Plaintiff advised them to complain to Barber; however, most of them were afraid they would lose their jobs if they complained.

3

17. Plaintiff supported one of the female employees when she complained of sexual harassment and discrimination against Hayes. Plaintiff talked to several supervisors on the female employee's behalf and related the sexual harassment and discrimination he had observed. One of the supervisors, Mike Gilley, Beaming Department, accused Plaintiff of instigating the female employee's complaints against Hayes despite the fact that the female employee had complained several months before Plaintiff was moved into the department with her. Gilley also told Plaintiff that he and the complaining female employee were nothing but trouble. Hayes and the Defendant began to retaliate against Plaintiff for supporting the female employee. Additionally, Plaintiff was disciplined for actions that were the same and/or similar to actions by white employees who were not disciplined.

18. On or about August 4, 2005, Plaintiff came in to work on his day off. Doug Martin, Olefin Department Supervisor, asked Plaintiff to come in and run samples in his old department. After Plaintiff completed the samples, he cleaned up around the department and around the machines he had been running that day. Plaintiff then clocked out. Plaintiff worked a total of seven hours that day. Other employees witnessed Plaintiff cleaning in the Olefin Department after the samples were completed.

19. On or about August 6, 2005, Plaintiff was terminated. After working for half of the day, Plaintiff was escorted by Gilley to Barber's office. The first thing Barber brought up was the female employee's complaint against Hayes. Barber accused Plaintiff of plotting and orchestrating the female employee's sexual harassment charges despite the fact that the female employee had complained at least two times before he was moved to the department with her and Hayes. Plaintiff denied this allegation and told them that he had advised her to seek help from Barber. Barber

informed Plaintiff that since Plaintiff had been in the Department there had been one problem after another with the sexual harassment thing. Plaintiff again denied the allegation that he had instigated anything, and had only advised the female employee to seek assistance from Barber. Barber then abruptly changed the subject and told Plaintiff he was being terminated for "stealing time" or loafing on the job. Plaintiff gave Gilley the names of witnesses who saw him cleaning up after the samples were completed; however, Gilley did not investigate. Plaintiff was terminated; however, white employees who remained on the clock and/or "rode the clock" were not disciplined and/or terminated. Plaintiff suffered a racially discriminatory and retaliatory discharge (for his support of the female employee's charges of sexual harassment against Hayes).

20. Plaintiff filed a compliant with the EEOC on or about February 8, 2005, in which he set out his complaints of racial harassment and discrimination.

21. Despite Plaintiff's repeated complaints of sexual harassment and retaliation, Twitchell took no disciplinary or remedial action against Hayes and instead, allowed the discrimination and harassment to continue culminating in Plaintiff's discharge.

22. On or about May 23, 2006, Defendant Barber slandered Plaintiff by telling a former employee that Plaintiff was "paying women $100.00 to testify against Mary Craft". Craft is the female employee that Plaintiff supported in her complaints of sexual harassment against Defendant Twitchell and Phillip Hayes, her supervisor.

## COUNT I: TITLE VII VIOLATIONS & §1981 VIOLATIONS
## RACIAL HARASSMENT AND DISCRIMINATION

23. The Plaintiff re-alleges and incorporates by reference paragraphs 1- 22 above with the same force and effect as if fully set out in specific detail hereinbelow.

5

24. The Defendants intentionally and maliciously discriminated against the Plaintiff in the terms, conditions and benefits of his employment including training, promotion, wages, assignment of job duties, discipline, and subjecting Plaintiff to a higher level of scrutiny than other white co-workers, at least in part, on the basis of his personal association with people of African-American race.

25. Defendants engaged in a pattern and practice of race discrimination in job assignments, training, promotions, wages, discipline, and other terms, conditions and privileges of employment and retaliated against Plaintiff in that the conduct was willful, malicious, and in wanton disregard of Plaintiff's federally protected rights.

26. As the result of the Defendants' conduct, the Plaintiff was deprived of income and other benefits due him. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

27. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

28. Plaintiff is suffering and will continue to suffer irreparable injury from the Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT II: CLAIMS OF RETALIATION PURSUANT TO TITLE VII FOR OPPOSING SEXUAL HARASSMENT AND PARTICIPATING AS A WITNESS

29. The Plaintiff re-alleges and incorporates by reference paragraphs 1- 28 above with the same force and effect as if fully set out in specific detail hereinbelow.

30. In retaliation for his opposition to sexual harassment and sex discrimination and his participation as a witness on behalf of a victim of sexual harassment, Plaintiff was harassed and ultimately terminated in whole or in part for his said opposition and participation.

31. As the result of the Defendants' conduct, the Plaintiff was deprived of income and other benefits due him. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

32. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

33. Plaintiff is suffering and will continue to suffer irreparable injury from the Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT III: NEGLIGENT AND/OR WANTON SUPERVISION, TRAINING, AND RETENTION

34. The Plaintiff re-alleges and incorporates by reference paragraphs 1 - 33 above with the same force and effect as if fully set out in specific detail herein below.

35. This is a claim arising under the law of the State of Alabama to redress Defendant Twitchell's negligent and/or wanton supervision, training, and retention of Phillip Hayes, Mike Gilley and Norman Barber.

36. Defendant Twitchell negligently, wantonly and/or inappropriately failed to adequately supervise, and train Hayes, Gilley and Barber. Further, Defendant Twitchell negligently and/or wantonly retained Hayes, Gilley and Barber which proximately caused Hayes's, Gilley's and Barber's harassment and discrimination of the Plaintiff.

37. Hayes's, Gilley's, and Barber's harassment, discrimination, and retaliation of the Plaintiff caused him great emotional distress for which he seeks compensatory and punitive damages against the Defendant.

## COUNT IV: SLANDER PER SE - VIOLATION OF §6-5-180 et.seq. CODE OF ALABAMA 1975

38. The Plaintiff re-alleges and incorporates by reference paragraphs 1 - 37 above with the same force and effect as if fully set out in specific detail herein below.

39. This is a claim arising under the law of the State of Alabama to redress Defendant Barber's slanderous and defamatory statement against and/or about Plaintiff.

40. On or about May 23, 2006, Defendant Barber slandered Plaintiff by publishing a false and defamatory statement of and concerning Plaintiff to-wit Barber stated to a former employee that Plaintiff was "paying women $100.00 to testify against Mary Craft" a per se slanderous publishing in that paying witnesses to testify is a crime.

41. Barber's false defamatory statement caused Plaintiff great emotional distress for which he seeks compensatory and punitive damages against the Defendant because Defendant Barber published said statement with malice and with knowledge of its falsity or with gross and reckless disregard of its falsity.

## VI.  PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

8

1. Grant Plaintiff a declaratory judgment holding that actions of Defendant, Twitchell, Inc., described herein above violated and continue to violate the rights of the Plaintiff as secured by Title VII and 42 U.S.C. §1981.

2. Grant Plaintiff a permanent injunction enjoining Defendant Twitchell, it agents, successors, employees, attorneys and those action in concert with Defendant Twitchell and on Defendant Twitchell's behalf from continuing to violate Title VII and §1981.

3. Grant the Plaintiff an Order requiring the Defendants to make the Plaintiff whole by awarding him the position he would have occupied in the absence of sexual and racial discrimination and retaliation (or front pay), backpay (plus interest), compensatory, punitive, and/or nominal damages, and loss of benefits.

4. Grant the Plaintiff an Order requiring Defendant Barber to retract the false and defamatory statement of or against Plaintiff.

5. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted on this the 15th day of June, 2006.

/s/ Bobbie S. Crook
BOBBIE S. CROOK (CRO-040)
**Attorney for the Plaintiff**
367 South Saint Andrews Street
Dothan, AL 36301
(334) 671-8062

**OF COUNSEL:**

**ANN C. ROBERTSON**
**TEMPLE D. TRUEBLOOD**

Attorneys for the Plaintiff
**WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

Please serve Defendants at:

Ronald D. Davenport, Registered Agent
Wind Point Partners, d/b/a Twitchell Corporation
4031 Ross Clark Circle, NW
Dothan, AL 36304

Wind Point Partners d/b/a Twitchell Corporation
4031 Ross Clark Circle, NW
Dothan, AL 36304

Norman Barber, Human Resources Director
Twitchell Corporation
4031 Ross Clark Circle, NW
Dothan, AL 36304

OF COUNSEL

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.

Bobbie S. Crook