IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GENERAL FLOWERS, | ) |
| | ) |
| VS. | ) CASE NUMBER 1:06-CV-515-DRB |
| | ) |
| WIND POINT PARTNERS, d/b/a | ) |
| TWITCHELL CORPORATION | ) |
| | ) |

## ANSWER

Wind Point Partners d/b/a Twitchell Corporation ("Twitchell") answers the allegations of the Complaint as follows:

## JURISDICTION AND VENUE

Twitchell admits that plaintiff was employed at Twitchell, located in Houston County, Alabama, and that Twitchell is and was conducting business in Houston County at the time of the filing of this action. Twitchell admits that the federal statutes referenced in the "Jurisdiction and Venue" paragraph of the Complaint provide for relief in actions properly brought under those statutes. Twitchell denies that plaintiff is entitled to the relief requested.

## JURISDICTION AND VENUE
## PARTIES
## ADMINISTRATIVE EXHAUSTION
## STATEMENT OF FACTS AND CLAIMS

Twitchell admits that the plaintiff was employed at Twitchell on the dates and times as alleged in the Complaint.

Twitchell admits that the plaintiff is a male.

Twitchell admits the material allegations of Section III paragraphs 5-6

Twitchell denies the material allegations of Section IV paragraphs 7-9 of the

"Complaint" section of the Complaint.

Twitchell denies the material allegations of section V paragraphs 10-20 of the "Complaint" section of the Complaint.

## COUNT I

Twitchell fully adopts and incorporates its previous responses to the allegations contained in the "Jurisdiction and Venue", "Parties", "Administrative Exhaustion" and "Statement of Facts and Claims" sections of the Complaint. Twitchell denies the material allegations contained in paragraphs 21-26 of "Count 1" of the Complaint.

Twitchell denies that the plaintiff is entitled to any of the relief requested in "Count 1" of the Complaint and denies that the plaintiff is entitled to any relief whatsoever based on the Complaint allegations.

## COUNT II

Twitchell fully adopts and incorporates its previous responses to the allegations contained in the "Jurisdiction and Venue", "Parties", "Administrative Exhaustion" and "Statement of Facts and Claims" sections of the Complaint and "Count I" of the Complaint.

Twitchell denies the material allegations contained in paragraphs 27-31 of "Count II". Twitchell denies that the plaintiff is entitled to any of the relief requested in paragraphs 27-31 of "Count II" of the Complaint and denies that the plaintiff is entitled to any relief whatsoever based on the Complaint allegations.

## COUNT III

Twitchell fully adopts and incorporates its previous responses to the allegations

contained in the "Jurisdiction and Venue", "Parties", "Administrative Exhaustion" and "Statement of Facts and Claims" sections of the Complaint and "Count I and Count II" of the Complaint.

Twitchell denies the material allegations contained in paragraphs 32-35 of "Count III". Twitchell denies that the plaintiff is entitled to any of the relief requested in paragraphs 32-35 of "Count III" of the Complaint and denies that the plaintiff is entitled to any relief whatsoever based on the Complaint allegations.

### VI. (misnumbered)   PRAYER FOR RELIEF

Twitchell denies that the Plaintiff is entitled to any of the relief as requested in paragraphs 1-4 of "VI. Prayer for Relief" of the Complaint and denies that the Plaintiff is entitled to any relief whatsoever based on the Complaint allegations.

### ADDITIONAL DEFENSES

#### FIRST DEFENSE

Some or all of the complaint fails to state a claim upon which relief can be granted.

#### SECOND DEFENSE

Some or all of plaintiff's claims are barred by the applicable statute of limitations for Title VII actions.

#### THIRD DEFENSE

Plaintiff has failed to satisfy the administrative prerequisites, jurisdictional or otherwise, to maintaining some or all of the claims asserted.

#### FOURTH DEFENSE

The nature and scope of the plaintiffs complaint exceeds the scope of his charges

filed with the EEOC.

### FIFTH DEFENSE

Some or all of the plaintiff's claims and/or relief sought are foreclosed because the plaintiff has not done equity.

### SIXTH DEFENSE

All of Twitchell's decisions and/or actions were undertaken for legitimate nondiscriminatory reasons.

### SEVENTH DEFENSE

Alternatively, Twitchell's decisions and/or actions would have been undertaken even had the plaintiff not been a member of a protected class.

### EIGHTH DEFENSE

The punitive damages claimed by the plaintiff violate the excessive fines clause of the Eighth Amendment to the United States Constitution.

### NINTH DEFENSE

The punitive damages claimed by the plaintiff violate the due process claims of the Fourteenth Amendment to the United States Constitution.

### TENTH DEFENSE

To the extent the Civil Rights Act of 1991 maybe applicable to any allegation of the Complaint, (a) the plaintiff is not entitled to punitive damages unless and until he demonstrates that Twitchell acted with malice or with reckless indifference to the plaintiffs alleged federally-protected rights, and (b) the plaintiff's claims are restricted to the monetary caps provided by the Civil Rights Act of 1991.

## ELEVENTH DEFENSE

Twitchell denies all allegations not specifically admitted herein.

Twitchell reserves the right to amend this Answer to include additional defenses that are uncovered during the course of this litigation.

Respectfully submitted on this the 6th day of July, 2006.

/s/  Valerie D. Judah

_____
Valerie D. Judah (JUD003)
Attorney for Wind Point Partners d/b/a
Twitchell Corporation
926 South Oates Street
Dothan, AL 36301
(334) 702-1332

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following on this the 6th day of July 2006.

Bobbie S. Crook, Attorney for Plaintiff (electronically)

Ann C. Robertson, Attorney for Plaintiff (electronically)

Temple D. Trueblood, Attorney for Plaintiff (electronically)

/s/  Valerie D. Judah

_____
Valerie D. Judah (JUD003)