IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GENERAL FLOWERS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) CASE NUMBER 1:06-CV-515-DRB |
| | ) |
| WIND POINT PARTNERS, d/b/a | ) |
| TWITCHELL CORPORATION, and | ) |
| NORMAN BARBER | ) |
| | ) |
| DEFENDANTS. | ) |

## ANSWER TO FIRST AMENDED COMPLAINT

Wind Point Partners d/b/a Twitchell Corporation ("Twitchell") and Norman Barber answer the allegations of the Complaint as follows:

## JURISDICTION AND VENUE
## PARTIES
## ADMINISTRATIVE EXHAUSTION
## STATEMENT OF FACTS AND CLAIMS

Twitchell and Norman Barber admit that plaintiff was employed at Twitchell, located in Houston County, Alabama, and that Twitchell is and was conducting business in Houston County at the time of the filing of this action.  Twitchell and Norman Barber admit that the federal statutes referenced in the "Jurisdiction and Venue" paragraph of the Complaint provide for relief in actions properly brought under those statutes. Twitchell and Norman Barber deny that plaintiff is entitled to the relief requested.

Twitchell and Norman Barber admit that the material allegations in Section III paragraphs 5-8 of the First Amended Complaint.

Twitchell and Norman Barber deny the material allegations of Section IV paragraphs

8-10 of the "Complaint" section of the First Amended Complaint.

Twitchell and Norman Barber deny the material allegations of Section V paragraphs 11-22 of the "Complaint" section of the First Amended Complaint.

## COUNT I

Twitchell and Norman Barber fully adopt and incorporate its previous responses to the allegations contained in the "Jurisdiction and Venue", "Parties", "Administrative Exhaustion" and "Statement of Facts and Claims" sections of the First Amended Complaint. Twitchell and Norman Barber deny the material allegations contained in paragraphs 23-28 of "Count 1" of the First Amended Complaint.

Twitchell and Norman Barber deny that the plaintiff is entitled to any of the relief requested in "Count 1" of the First Amended Complaint and deny that the plaintiff is entitled to any relief whatsoever based on the Complaint allegations.

## COUNT II

Twitchell and Norman Barber fully adopt and incorporate its previous responses to the allegations contained in the "Jurisdiction and Venue", "Parties", "Administrative Exhaustion" and "Statement of Facts and Claims" sections of the First Amended Complaint and "Count I" of the First Amended Complaint.

Twitchell and Norman Barber deny the material allegations contained in paragraphs 29-33 of "Count II".  Twitchell and Norman Barber deny that the plaintiff is entitled to any of the relief requested in paragraphs 29-33 of "Count II" of the First Amended Complaint and denies that the plaintiff is entitled to any relief whatsoever based on the Complaint allegations.

**COUNT III**

Twitchell and Norman Barber fully adopt and incorporate its previous responses to the allegations contained in the "Jurisdiction and Venue", "Parties", "Administrative Exhaustion" and "Statement of Facts and Claims" sections of the First Amended Complaint and "Count I and Count II" of the First Amended Complaint.

Twitchell and Norman Barber deny the material allegations contained in paragraphs 34-37 of "Count III".  Twitchell and Norman Barber deny that the plaintiff is entitled to any of the relief requested in paragraphs 34-37 of "Count III" of the First Amended Complaint and denies that the plaintiff is entitled to any relief whatsoever based on the Complaint allegations.

**COUNT IV**

Twitchell and Norman Barber fully adopt and incorporate its previous responses to the allegations contained in the "Jurisdiction and Venue", "Parties", "Administrative Exhaustion" and "Statement of Facts and Claims" sections of the First Amended Complaint and "Count I, Count II and Count III" of the First Amended Complaint.

Twitchell and Norman Barber deny the material allegations contained in paragraphs 38-41 of "Count IV".  Twitchell and Norman Barber deny that the plaintiff is entitled to any of the relief requested in paragraphs 38-41 of "Count IV" of the First Amended Complaint and denies that the plaintiff is entitled to any relief whatsoever based on the Complaint allegations.

**VI. (misnumbered)   PRAYER FOR RELIEF**

Twitchell and Norman Barber deny that the Plaintiff is entitled to any of the relief as requested in paragraphs 1-5 of  "VI. Prayer for Relief" of the First Amended Complaint and

denies that the Plaintiff is entitled to any relief whatsoever based on the Complaint allegations.

## ADDITIONAL DEFENSES

### FIRST DEFENSE

Some or all of the complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of plaintiff's claims are barred by the applicable statute of limitations for Title VII actions.

### THIRD DEFENSE

Plaintiff has failed to satisfy the administrative prerequisites, jurisdictional or otherwise, to maintaining some or all of the claims asserted.

### FOURTH DEFENSE

The nature and scope of the plaintiffs complaint exceeds the scope of his charges filed with the EEOC.

### FIFTH DEFENSE

Some or all of the plaintiff's claims and/or relief sought are foreclosed because the plaintiff has not done equity.

### SIXTH DEFENSE

All of Twitchell and Norman Barber's decisions and/or actions were undertaken for legitimate nondiscriminatory reasons.

### SEVENTH DEFENSE

The punitive damages claimed by the plaintiff violate the excessive fines clause of

the Eighth Amendment to the United States Constitution.

**EIGHTH DEFENSE**

The punitive damages claimed by the plaintiff violate the due process claims of the Fourteenth Amendment to the United States Constitution.

**NINTH DEFENSE**

To the extent the Civil Rights Act of 1991 maybe applicable to any allegation of the Complaint, (a) the plaintiff is not entitled to punitive damages unless and until he demonstrates that Twitchell and Norman Barber acted with malice or with reckless indifference to the plaintiffs alleged federally-protected rights, and (b) the plaintiff's claims are restricted to the monetary caps provided by the Civil Rights Act of 1991.

**TENTH DEFENSE**

Twitchell and Norman Barber deny all allegations not specifically admitted herein.

Twitchell and Norman Barber reserve the right to amend this Answer to the First Amended Complaint to include additional defenses that are uncovered during the course of this litigation.

Respectfully submitted on this the 6th day of July, 2006.

/s/ Valerie D. Judah

_____
Valerie D. Judah (JUD003)
Attorney for Wind Point Partners d/b/a
Twitchell Corporation and
Norman Barber
926 South Oates Street
Dothan, AL 36301
(334) 702-1332

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following on this the 6th day of July 2006.

Bobbie S. Crook, Attorney for Plaintiff (electronically)

Ann C. Robertson, Attorney for Plaintiff (electronically)

Temple D. Trueblood, Attorney for Plaintiff (electronically)

/s/ Valerie D. Judah

_____
Valerie D. Judah (JUD003)