IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GENERAL FLOWERS,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. |
| | * | 1:06-CV-515-TFM |
| **WIND POINT PARTNERS d/b/a** | * | |
| **TWITCHELL CORPORATION,** | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
EMERGENCY MOTION FOR PROTECTIVE ORDER**

COMES NOW, the Plaintiff, General Flowers, by and through the undersigned counsel, and files the following response to the Defendant's "Emergency Motion for Protective Order":

1.      The Parties did engage in mediation on July 5, 2007; however, prior to agreeing to mediate this matter, the Parties agreed that in the event mediation was unsuccessful the previously noticed depositions would take place immediately so that all deadlines would be met without delay. At the time this agreement was reached, on or about May 23, 2007, the Parties filed a Joint Motion for Extension of Time to file Dispositive Motions for thirty (30) days, until July 6, 2007. Because the parties were unable to get mediation scheduled within a time frame to allow for us to meet the July 6, 2007, deadline, the Parties filed a Joint Motion for a second extension for thirty (30) days until July 26, 2007, the same date as the Discovery deadline. The Parties agreed in the Joint Motions that no further extensions would be needed.

2.      At the time the Parities reached an agreement to halt the depositions and schedule mediation, the Defendants did not indicate that they needed any further discovery, nor have they

indicated a need for further discovery since that time. All of the depositions scheduled are to be taken by the Plaintiff and need only be defended by the Defendant.

3. After consulting with opposing counsel, the depositions that had been previously started, but were interrupted for mediation, as well as the previously scheduled but not yet commenced depositions were noticed to begin on July 23, 2007, and continue through the morning of July 25, 2007, until completed. (See Exhibit "A" - the deposition notices dated March 9, 2007, Exhibit "B"- the deposition notices dated April 30, 2007, and Exhibit "C" - the deposition notices dated July 11, 2007).

4. Prior to Wyndall A. Ivey entering his appearance in this matter, he consulted with Plaintiff's counsel about the upcoming deadlines, continuing the depositions and the deadline for Summary Judgment. Opposing counsel objected to a continuance of these deadlines based on the facts that the Parties had agreed before halting the depositions that the depositions would continue immediately to ensure that all pending deadlines could be met, immediately following the mediation, Plaintiff's counsel contacted Defendant's counsel and with opposing counsel's consent scheduled the depositions for July 23 through the morning of July 25, 2007, and the Parties had agreed that mediation would cause no further delays in this case. Mr. Ivey knew, before he entered an appearance in this case, of the pending deposition and Summary Judgment deadlines and any potential for conflict. He also knew that Plaintiff opposed any continuances. Defendant has made no showing that, because they have added another counsel, the depositions should be continued or that they should receive additional time for discovery and/or Summary Judgment. Valerie Judah, Esq. has been defending this case since at least July 6, 2006, and Daniel Johnson, Esq. entered an

appearance in this matter on February 27, 2007, and has been actively involved in this litigation since that time.

5.  Although Defendant has an absolute right to additional counsel, there has been no showing that adding counsel requires a continuance of the scheduled depositions nor of the discovery and Summary Judgment deadlines in order to protect the interest of the Defendants.

6.  Plaintiff's counsels' schedules for the next thirty (30) days will not accommodate moving the number of depositions contemplated in this case.

WHEREFORE, Plaintiff hereby objects to the Defendant's Emergency Motion for Protective Oder, and request this Honorable Court deny same.

Respectfully submitted this the 17th day of July, 2007.

    /s/Bobbie S. Crook
**BOBBIE S. CROOK (CRO-040)**
**Attorney for the Plaintiff**
367 South Saint Andrews Street
Dothan, AL 36301
(334) 671-8062

**OF COUNSEL:**

**ANN C. ROBERTSON**
**TEMPLE D. TRUEBLOOD**
**Attorneys for the Plaintiff**
**WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 17th day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Valerie Judah  
Attorney for Defendant  
P.O. Box 2047  
Dothan, AL 36302  

DANIEL F. JOHNSON  
Attorney for Defendant  
P.O. Box 1165  
Dothan, AL 36302  

Wyndall S. Ivey  
Attorney for Defendant  
MAYNARD, COOPER & GALE, P.C.  
1901 Sixth Avenue North  
2400 AmSouth Harbert Plaza  
Birmingham, AL 35203-2618  

      /s/Bobbie S. Crook  
**Of Counsel**